SLIP OPINION

Cite as 2014 Ark. App. 482

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–14–356

| | |
|---|---|
| | **Opinion Delivered** September 17, 2014 |
| GREG HOLMES<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. JV-10-701] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE MARK HEWETT, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Sebastian County Circuit Court terminated the parental rights of appellant Greg Holmes to his twin children born October 7, 2011.[1] Holmes's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] contending that there are no meritorious grounds to support an appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal;

---

[1]The court also terminated the parental rights to a third child and any unnamed putative father; however, that termination is not the subject of this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

[3](2013).

SLIP OPINION

however, it was returned "unclaimed." We affirm the termination order and grant counsel's motion to withdraw.

The Arkansas Department of Human Services (DHS) petitioned the court for emergency custody of the twins on October 18, 2011, because their mother, Mary Hembree, had a history with DHS and had other children in DHS's custody.[4] The court granted an ex parte order for emergency custody that same day. A probable-cause order was entered on October 24, 2011, in which the court found that the children should remain in the custody of DHS. This order also referred appellant for DNA testing. The children were adjudicated dependent-neglected due to neglect and parental unfitness in an order filed on February 10, 2012. The adjudication order established a goal of reunification. Appellant was appointed counsel on July 16, 2012, after DNA testing established that he was the twins' father.

DHS filed a petition for the termination of appellant and Hembree's parental rights on September 27, 2012. The court entered an order terminating Hembree's parental rights to all of her children on January 8, 2013.[5] The court continued the case plan as it pertained to appellant. In the review order filed on June 24, 2013, reunification was continued with a concurrent goal of termination of parental rights. The court changed the goal to termination of parental rights and adoption in the permanency-planning order filed on September 25,

---

[4]Appellant was incarcerated at the time.

[5]Hembree executed a consent to relinquish her parental rights to the children.

2013. The court noted that appellant had partially complied with the case plan and orders of the court.[6]

DHS filed a petition to terminate appellant's parental rights on October 28, 2013.. The petition listed five possible grounds for termination: (1) that the children had been adjudicated dependent–neglected and had continued outside of appellant's home for a period in excess of twelve months and, despite a meaningful effort by the department to rehabilitate appellant and correct the conditions that caused removal, those conditions had not been remedied by appellant;[7] (2) that appellant had subjected the children to aggravated circumstances in that there was little likelihood that services to the family would result in successful reunification;[8] (3) that appellant had been sentenced in a criminal proceeding to a period of confinement which constitutes a substantial period of the children's lives;[9] (4) that the children had been out of appellant's home for at least twelve months and appellant had willfully failed to provide significant material support in accordance with his means;[10] and (5) that subsequent to the filing of the original petition for dependency–neglect, other factors or issues arose which demonstrate that return of the children to the family home is contrary to their health, safety, or welfare and that, despite the offer of appropriate family services,

---

[6]Appellant did not have stable housing, income, or transportation. And although he made most of his visits, he continued to use marijuana in violation of the court's order.

[7]Ark. Code Ann. § 9–27–341(b)(3)(B)(i)(*a*) (Supp. 2013).

[8]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*)(*B*)(*i*).

[9]Ark. Code Ann. § 9–27–341(b)(3)(B)(viii).

[10]Ark. Code Ann. § 9–27–341(b)(3)(B)(ii)(*a*).

SLIP OPINION

SLIP OPINION

appellant had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the children to the family home.[11]

The termination hearing took place on November 22, 2013. At the conclusion of the hearing, the court granted DHS's petition. The order terminating appellant's parental rights was entered on January 22, 2014. The court found that termination of appellant's. parental rights was in the best interest of the children, taking into consideration the likelihood of adoption and the potential harm to the health and safety of the children if they continued contact with appellant. Termination was based on grounds two, four, and five as pled in DHS's termination petition. The order stated in pertinent part:

> In support of these grounds, the Court finds . . . the twins have been in foster care since their birth, 10/14/11. The Court finds that . . . Greg Holmes did complete some of the tasks on his caseplan [sic]. He has had employment at OK Foods for several months and he has visited fairly regularly with his children. He did submit to a drug/alcohol assessment and a psychological evaluation, but he waited until the eleventh hour to do so. He completed these assessments so recently that we have no results today. The Court finds his compliance in this regard to be meaningless as the Department would have had no opportunity to address any issues brought to light by the assessments. The referrals for these services were made months ago, on multiple occasions, and the fault for the failure to complete the services timely lies entirely with Mr. Holmes. Greg Holmes failed to complete parenting classes. He attended one appointment for outpatient treatment but waited so long to take advantage of this service that he was unable to complete it. Greg Holmes lacks appropriate housing. During the last few months, he has lived with friends or relatives. He admitted today that his housing would not be appropriate for the twins. Mr. Holmes has been out of the ADC for approximately one year and it is of great concern to the Court that in that time, he has not been able to secure appropriate housing for his children. He used marijuana after his release, in violation of the conditions of his parole. He has not provided meaningful support for his children since his release from the ADC. He

---

[11]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*).

testified that he has provided gifts on 3 or 4 occasions in the past year. The Court finds that is not meaningful support. In addition, the Court finds that Greg Holmes's testimony today lacked credibility and the Court gives his testimony very little weight. Specifically, Mr. Holmes initially testified today that . . . he was in compliance with his parole conditions and that he had seen his parole officer,. John Cole, two months ago as scheduled, at which time he was screened for drugs. Mr. Holmes's parole officer, Joshua Thomas, then testified that Mr. Holmes was not in compliance with his parole conditions. Mr. Thomas testified that Mr. Holmes had appeared for his intake appointment with the parole office upon his release from the ADC on 11/27/12 and that he had not appeared again. As a result, Mr. Holmes had been declared an absconder from supervision and a warrant had been issued for his arrest on 02/15/13. Mr. Thomas testified that Mr. Cole had not worked for the parole office in several months, that Mr. Thomas had been the assigned parole officer since March 2013, he had never seen Mr. Holmes before and that it would have been impossible for Mr. Holmes to have seen John Cole and reported to him two months previously. The Court finds Joshua Thomas to be a credible witness and gives great weight to his testimony today. The Court notes that Greg Holmes was arrested at the close of the hearing today. Mr. Holmes's lack of compliance with the orders of this Court and his lack of compliance with the terms and conditions of his parole over the course of the last year leave the Court with the firm belief that there is little likelihood that granting additional time to Mr. Holmes will not result in successful reunification between Mr. Holmes and his children.

This timely appeal followed.

Counsel contends that this appeal is without merit. After carefully examining the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases,[12] and

---

[12]In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i).

we conclude that the appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and WOOD, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency–Neglect Appellate Division, for appellant.

No response.